NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Crim. No. 09-386 |
| v. | : | OPINION & ORDER |
| Anthony MONTGOMERY, | : | |
| Defendant. | : | |

THOMPSON, U.S.D.J.,

      This matter comes before the Court upon Defendant's Motion to Suppress [9]. This Court has reviewed the written submissions of the parties, heard oral argument, and received testimony regarding the matter.

      Defendant arrived at Monmouth County Correctional Institution ("MCCI") on May 2, 2008, charged with carjacking and other offenses. Later that month, he was placed in "J-Pod," a disciplinary bubble within the institution. For most of his time at MCCI, Defendant has been kept in a single-person cell. Defendant alleges that he was frequently shuttled between different cells, that he was unable to sleep, that he was led to believe that his food was being contaminated, that he was perpetually hungry because he refused his food, and that he was subject to verbal abuse. He has had at least one physical altercation with an MCCI corrections officer. Defendant states that he is fearful of remaining in state custody and has wanted to be moved to federal custody. At some point, he requested to speak to federal agents. Although he had a state-appointed lawyer at the time, he indicated that he was desirous of speaking without

1

counsel present.  On March 16, 2009 Defendant was visited at MCCI by two FBI agents.  He was read his Miranda rights and signed a written waiver of those rights.  He then proceeded to make incriminating statements with regard to an armed bank robbery for which he was subsequently indicted.

Defendant seeks to have his bank robbery statement suppressed on the grounds that it was made involuntarily.  He argues that the hardship he suffered during his time at MCCI had the effect of psychologically breaking him down so that at the time he made his statements to federal agents, his will was effectively overborne.

In determining whether a confession was made voluntarily or not, a court must look at "the totality of the circumstances" and determine "whether the defendant's will was overborne." United States v. Walton, 10 F.3d 1024, 1028 (3d Cir. 1993) (citing Arizona v. Fulminante, 499 U.S. 279 (1991).  The "ultimate question" is whether or not "the confession [was] the product of an essentially free and unconstrained choice." Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973).  In other words, a confession is involuntary if the defendant's "capacity for self-determination [was] critically impaired" at the time it was made.  Id. at 225-26.

Upon review of the evidence and testimony, this Court determines that Defendant failed to meet the above standard.  While Defendant presented evidence that he was under some multifaceted psychological pressure when he talked to the federal agents, that evidence did not rise to the level where his statements could be considered involuntary.  While Plaintiff seemed to have been worried for his safety and well being at MCCI and appeared to be sleep deprived, his condition did not equate to a deprivation of his capacity for self-determination.  Furthermore, the Court cannot find that the evidence clearly shows that any corrections officer or federal agent acted deliberately to break down Defendant's will.  The fact that Defendant had an agenda of his

own—i.e., to transfer into federal custody—does not transform this interaction with federal agents into a forced confession.

For the foregoing reasons, it is ORDERED, on this 27th day of October, 2009, that Defendant's Motion to Suppress [9] is DENIED.

*/s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.